UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

===================================

JAMES AND DANIA WARD,

                              Plaintiffs,

                                                    **DECISION AND ORDER**
                                                         11-CV-114A

              v.


LOMBARDO, DAVIS & GOLDMAN, LLC,

                              Defendant.

===================================

## I.      INTRODUCTION

        Plaintiffs James and Dania Ward filed a complaint in this case on February

8, 2011, accusing defendant Lombardo, Davis & Goldman, LLC of multiple

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§§ 1692–1692p.  Plaintiffs served defendant with a summons and complaint, but

defendant failed to answer or appear.  On June 20, 2011, plaintiffs filed a motion

for default judgment seeking a total of $5,092.50 in statutory damages, costs, and

attorney fees.  Given the allegations that defendant is deemed to have admitted

by default, and given the itemization of costs and fees that plaintiffs have

submitted, the Court grants the motion and awards damages, costs, and fees in

the amount of $3,520.00 as described below.

## II.     BACKGROUND

This case concerns defendant's conduct in attempting to collect on a debt. According to plaintiffs, the events of this case began in October 2010 when they noticed an unknown withdrawal on their bank account statement and promptly closed the account.  Shortly after plaintiffs closed the bank account, they began receiving frequent telephone calls from agents of defendant, who attempted to intimidate them in numerous ways.  Through its agents, defendant would recite plaintiff James Ward's Social Security number and the information for the closed bank account, but would refuse to identify the nature of the debt in question or who the original creditor was.  Defendant refused to identify the amount of the debt even though it insisted repeatedly that the debt had to be paid.  When plaintiffs asked for documented validation of the debt, defendant said first that validation would take time but later claimed that it sent out validation that plaintiffs never received.  In some of the phone calls to plaintiffs, agents of defendant refused to identify themselves by name but told plaintiffs that the calls were being recorded.  In January 2011, defendant disclosed to plaintiffs only that the debt involved an online payday loan issued to Mr. Ward.  Plaintiffs protested that Mr. Ward is not familiar with computers or the Internet and never would have applied for an online payday loan.  In response, agents of defendant screamed at plaintiffs and threatened to have them arrested.  Defendant subsequently left Mr. Ward a voicemail message on his company telephone that stated, "I understand

2

from your wife that you are too illiterate to use a computer, maybe you can learn to use one in jail because I'm going to have you arrested."  (Dkt. No. 1 ¶ 25.)

Based on the conduct that they described in their complaint, plaintiffs have alleged multiple violations of the FDCPA, including harassment; false and misleading representations; abusive language; failure to send validation information; and threats to take actions that cannot legally be taken or that are not intended to be taken.  Defendant never answered the allegations in the complaint, let alone within the time required by Rule 12 of the Federal Rules of Civil Procedure ("FRCP").  Accordingly, plaintiffs requested an entry of default on May 13, 2011.  The Clerk of the Court filed an entry of default on May 26, 2011.  On June 20, 2011, plaintiffs filed their motion for default judgment.  In the motion, plaintiff did not request an evidentiary hearing and did not seek actual damages.  Plaintiffs instead sought $1,000.00 in statutory damages and $4,092.50 in costs and attorney fees.

## III.   DISCUSSION

### A.   *Liability*

"Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation.  And it tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party."  *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted).  Because defendant

3

never answered or otherwise challenged the complaint, all allegations in the complaint are now deemed admitted.  Nonetheless, "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).   The Court thus must assess what an appropriate award might be, keeping in mind that plaintiffs have not requested an evidentiary hearing or actual damages. Pursuant to FRCP 55(b)(2), the Court will exercise its discretion not to schedule an evidentiary hearing because of the straightforward nature of plaintiffs' request for damages, costs, and fees.

### B.   *Statutory Damages*

Section 1692k(a)(2)(A) of the FDCPA provides for statutory damages of up to $1,000 per plaintiff.  *See also Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998) ("All that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling.") (citations omitted). Here, plaintiffs seek the maximum amount of statutory damages given the frequency and nature of defendant's harassing conduct.  "In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).

4

In this case, defendant is deemed to have admitted to frequent communications that harassed and intimidated plaintiffs and that threatened them with arrest. Defendant's admissions include an admission that it did not provide required debt validation information.  Under these circumstances, the Court finds that an award of statutory damages in the amount of $750.00 will suffice to address all of the allegations now deemed admitted.

### C.    *Costs and Attorney Fees*

The FDCPA authorizes successful litigants to receive "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  The prevailing plaintiff in an FDCPA action is entitled to an award of reasonable attorneys' fees and expenses regardless of whether any statutory or actual damages are awarded.  *See Savino*, 164 F.3d at 87; *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (citation omitted).  As to how district courts should calculate attorney fees when such an award is appropriate, this Court has noted that

> A reasonable hourly rate is the "prevailing market rate," i.e., the rate "prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 506 (2d Cir. 1980) ("[F]ees that would be charged for similar work by attorneys of like skill in the area" are the "starting point for determination of a reasonable award.").  The relevant community, in turn, is the district in which the court sits.  *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983).

Determination of the "reasonable hourly fee" requires a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. *Farbotko v. Clinton County of New York*, 433 F.3d 204, 209 (2d Cir. 2005). This inquiry may include judicial notice of the rates awarded in prior cases, the court's own familiarity with the rates prevailing in the district, and any evidence proffered by the parties. *Id.* The fee applicant has the burden of showing by "satisfactory evidence" that the requested hourly rate is the prevailing market rate. *Blum*, 465 U.S. at 896 n.11.

*Fontana v. C. Barry & Assocs., LLC*, No. 06-CV-359, 2007 WL 2580490, at *2 (W.D.N.Y. Sept. 4, 2007) (Arcara, *C.J.*).

The Second Circuit has addressed the case law governing attorney fee

calculations and explained that

In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "Johnson" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Here, counsel for plaintiffs have submitted an itemization of hours spent on

this case. Two corrections are necessary. First, the itemization includes entries

for an individual identified only by the initials "EP." The motion papers do not describe who "EP" is, and the work attributed to this person appears to be largely clerical in nature. The Court will disregard the three entries from "EP" and deduct 0.9 hours accordingly. Second, recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per hour for paralegals. *See, e.g., Flegal v. First Source Advantage, LLC,* No. 10-CV-771, 2011 WL 1793171, at *3 (W.D.N.Y. May 9, 2011) (Arcara, *J.*); *Fajer v. Kaufman, Burns & Assocs.*, No. 09-CV-716, 2011 WL 334311, at *5 (W.D.N.Y. Jan. 28, 2011) (Skretny, *C.J.*)*; Hoover v. W.N.Y. Capital,* No. 09-CV-955, 2010 WL 2472500, at *3 (W.D.N.Y. June 16, 2010) (Arcara, *J.*). The Court will apply these hourly rates to plaintiffs' itemization to award attorney Bruce Warren 11.0 hours at $215 per hour for total attorney fees of $2,365.00.

As adjusted, plaintiffs' proposed fees appear reasonable. In assessing whether a reasonable, paying client looking to minimize expenses would be willing to pay for the hours claimed here, the Court bears in mind the provision of the FDCPA awarding attorney fees to successful litigants. Without that provision, a reasonable, paying client likely would not spend over $2,300 in fees to receive a $750.00 judgment. Factoring in that provision, however, a reasonable, paying client likely would endorse the investment of time that counsel claim here. Counsel spent 11.0 hours litigating the entire case, which is the same as the

attorney hours spent in *Flegal* and not unreasonably more than the 9.9 hours spent in *Hoover*, which also ended with a default judgment.

 As for costs, plaintiffs have requested $350 to compensate for filing the complaint and $55.00 to compensate for a process server.  The Court accepts these requests as reasonable.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court grants plaintiffs' motion (Dkt. No. 7) for default judgment.  The Court awards plaintiff $750.00 in statutory damages, $405.00 in costs, and $2,365.00 in attorney fees, for a total award of $3,520.00.

The Clerk of the Court shall close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 29, 2011